Carroll deV. MILLER, Francis N. Becker and The American Monorail Company, Plaintiffs,

v.

Robert C. WATSON, Commissioner of Patents, Defendant.

Civ. A. No. 5659-55.

United States District Court District of Columbia.

June 7, 1957.

B. D. Watts, Richey, Watts, Edgerton, McNenny & Farrington, Cleveland, Ohio, John P. Wetherill, Holcombe, Wetherill & Brisebois, Washington, D. C., for plaintiffs.

Clarence W. Moore, Sol. U. S. Patent Office, Washington, D. C., for defendant.

WILKIN, District Judge.

The plaintiffs in this case pray for an order authorizing the Commissioner of Patents to issue a patent to them for the invention described in Claim 46 of their patent application, Serial No. 461,174, filed on October 8, 1954. The subject matter is "Apparatus for Automatically Removing Lint from a Plurality of Rows of Textile Looms". The jurisdiction of this court is based on 35 U.S.C. § 145.

Counsel agreed that a fair statement of what Claim 46 describes is as follows:

1) a crane-like carrier which is long enough to extend across a plurality of rows of looms with wheels at its ends to run on a straight trackway;

2) means to propel the carrier back and forth on the trackway;

3) fan means on the carrier to create loom cleaning streams of air and direct them downwardly and move them lengthwise of the warp on the rows of looms;

4) means to actuate the fan means;

5) means to reverse the travel of the carrier without reversing the rotation of the fan means.

The plaintiffs claim a patent on the combination of the five elements just stated. The defendant opposed the plaintiffs' claim on the ground that it lacked invention. The defendant relied upon the transcript of proceedings in the Patent Office, as shown in Defendant's Exhibit No. 1.

Defendant admitted that Claim 46 revealed a combination which had never before been in existence but contended that the combination was nothing more than anyone skilled in the art could produce, in view of the teaching of the Holtzclaw Patent No. 2,695,039, Plaintiffs' Exhibit No. 6, the Simpson Patent No. 2,-115,885, Plaintiffs' Exhibit No. 5, and the Heilers Patent (German) No. 552,476, Plaintiffs' Exhibit No. 4. Other patents were considered and appear in Defendant's Exhibit No. 1, but the ones just mentioned were the principal reliance of the defendant.

It was conceded that the plaintiffs were pioneers in this field and were the first to remove lint from looms mechanically without stopping the looms. They obtained Patent No. 2,729,845 for the first commercial loom cleaner in history. The apparatus described in Claim 46 is an improvement on plaintiffs' original patent and was the first apparatus to extend the use of the original invention to a plurality of looms simultaneously and carry on the cleaning of looms in a more economical, and more efficient, way.

In view of the testimony offered by the plaintiffs, and after consideration of the exhibits, this Court is constrained to find that the plaintiffs' accomplishment, embodied in its combination, was not obvious but was the result of the plaintiffs' insight, skill and experience in a protracted effort to meet an existing need.

The patents relied upon by the defendant as anticipatory do not reveal or suggest the combination which the plaintiffs have created. It seems to this Court that the contribution of the plaintiffs to the weaving industry is within the purview of the law governing patent grants.

The decisions of the tribunals of the Patent Office are entitled to respectful consideration but the presumption in favor of the rulings of the patent examiners and Board of Appeals does not apply to the same extent in this case that it does in a case involving highly technical problems.

Plaintiffs objected to the reference of the Holtzclaw patent by the defendant because the application for that patent was pending at the time the invention in suit was made. This Court, however, considered the Holtzclaw patent as a part of the "prior art" referred to in 35 U.S.C. § 103. The Court was convinced from the testimony, however, that Holtzclaw did not disclose or suggest the accomplishment of plaintiffs, and even if the other patents cited as anticipatory are considered analogous, they—all to-

gether—do not reveal sufficient information to bar the plaintiffs' claim for a patent.

Judgment for plaintiffs and findings of fact and conclusions of law may be submitted by counsel for plaintiffs.